16 F.3d 1220
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Larry NIPPER, Petitioner-Appellant,
v.
Norris W. McMACKIN, Respondent-Appellee.
 No. 93-3444.
 United States Court of Appeals, Sixth Circuit.
 Jan. 31, 1994.
 
 Before: JONES, NORRIS, and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 Larry Nipper, a pro se Ohio prisoner, appeals a district court order and judgment denying his application for a writ of habeas corpus filed under 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Nipper was found guilty in March 1989, following a bench trial, of aggravated murder with a firearm specification and attempted murder with a firearm specification. He was sentenced to prison terms of 20 years to life on the murder count, 5 to 25 years (concurrent) on the attempted murder count, and 3 years (consecutive) for the firearm specification. The Ohio Court of Appeals affirmed Nipper's conviction in a decision issued on October 10, 1989. His further appeal to the Ohio Supreme Court was dismissed for want of prosecution as a result of apparent confusion surrounding the filing of the appeal.
 
 
 3
 In his federal habeas petition, Nipper raised two grounds for relief: (1) the verdict was against the manifest weight of the evidence, and (2) the trial court denied him a fair trial by refusing to allow a psychologist's testimony relating to his mens rea. Nipper subsequently filed a motion to amend his petition to include a claim that the hospital's negligence in failing to prescribe anticoagulant drugs was the cause of his ex-wife's death.
 
 
 4
 In a report issued on November 5, 1992, the magistrate judge found that Nipper's first issue, regarding the weight of the evidence, was not cognizable in habeas corpus and that, to the extent that it raised a challenge to the sufficiency of the evidence, it lacked merit. He further concluded that the issue involving expert testimony should be dismissed as waived because it was presented to the state courts as an issue of state law only, and that the issue raised in the amended petition should be dismissed because it was never presented to the state courts in any form. The district court conducted a de novo review in light of Nipper's objections and denied the petition in an order and judgment filed on March 8, 1993. On appeal, Nipper continues to argue the merits of his grounds for relief. In addition, he advances a new theory to explain his ex-wife's death and alleges a hospital cover-up. He moves the court for the appointment of counsel on appeal.
 
 
 5
 Upon review, we affirm the district court's judgment because Nipper has not established that his trial was fundamentally unfair or that the proceeding resulted in his unjust confinement. See Lundy v. Campbell, 888 F.2d 467, 469-70 (6th Cir.1989), cert. denied, 495 U.S. 950 (1990).
 
 
 6
 The new theory suggested by Nipper to explain his ex-wife's death was not raised in the district court and will not be reviewed for the first time on appeal. See Taft Broadcasting Co. v. United States, 929 F.2d 240, 243-45 (6th Cir.1991). Moreover, the argument is essentially an attempt by Nipper to retry his murder charge before this court based upon "evidence" and theories not presented at his state trial.
 
 
 7
 Nipper has waived his right to appeal his issues involving expert testimony and the hospital's alleged negligence as an intervening cause of death by failing to object to their proposed disposition in the magistrate judge's report. A party who does not file timely objections to a magistrate judge's report and recommendation after being advised to do so waives his right to appeal. Thomas v. Arn, 474 U.S. 140, 155 (1985); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir.1981). Even if timely objections are filed, appellate review of any issue not contained in the objections is waived. Thomas, 474 U.S. at 155; Willis v. Sullivan, 931 F.2d 390, 401 (6th Cir.1991). Although Nipper filed objections within the extension of time granted by the district court, they addressed only the magistrate judge's conclusions regarding the sufficiency of the evidence. Nipper did not specifically object to the proposed dismissal due to waiver of his other issues, and so they are not appealable.
 
 
 8
 Finally, the district court did not err in rejecting Nipper's remaining ground for relief. Because Nipper principally argued that the state did not prove the element of intent, the magistrate judge appropriately construed this issue as a challenge to the sufficiency of the evidence. The evidence must be deemed sufficient if, after viewing the evidence in the light most favorable to the prosecution, any rational finder of fact could accept the evidence as establishing each essential element of the crime. Jackson v. Virginia, 443 U.S. 307, 324 (1979). A rational trier of fact could reasonably find that the trial testimony demonstrated sufficient time and opportunity to plan the shootings, as well as an intent to kill.
 
 
 9
 Accordingly, the motion for the appointment of counsel is denied. The district court's judgment, entered on March 8, 1993, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.